## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RENARD TUCKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION:** |
| | ) | **2:20-CV-365-SGC** |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **WARDEN GWENDOLYN GIVENS,** | ) | |
| **JOE BINDER, LIEUTENANT THRASH,** | ) | |
| **SERGEANT BRADFORD,** | ) | |
| **SAMUEL AARON, and** | ) | |
| **HAKEEM EDMUNDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED ANSWER[1]

COMES NOW Defendants, Alabama Department of Corrections, Joe Binder,

Sgt. Bradford, Samuel Aaron and Lieutenant Thrash, by and through undersigned

counsel, and answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

The paragraphs below correspond to the paragraphs of the Complaint. Unless

specifically admitted herein, all allegations set forth by the Plaintiffs are denied.

---

[1] Undersigned counsel inadvertently omitted Lieutenant Thrash in the filing of its original answer. (Doc. 10).

## PRELIMINARY STATEMENT

1.     Defendants do not have sufficient information to admit or deny Plaintiffs' allegations in paragraph 1 and demands strict proof thereof.

## STATEMENT OF JURISDICTION

2.     Admit that jurisdiction is appropriate based on law asserted in paragraph 2 of the Complaint.

3.     Admit that venue is appropriate in paragraph 3 of the Complaint.

## PARTIES

4.     Admit that Renard Tucker ("Plaintiff") is an Alabama Department of Corrections ("ADOC") inmate, currently incarcerated at the Kilby Correctional Facility in Montgomery, Alabama.  Defendants do not have sufficient information to admit or deny Plaintiffs' remaining allegations in paragraph 4 and demands strict proof thereof.

5.     Admit that Alabama Department of Corrections is the is the administrative department of the state of Alabama responsible for administering and exercising the direct and effective control over penal and corrections institutions throughout the state of Alabama.  Defendants do not have sufficient information to admit or deny Plaintiffs' remaining allegations in paragraph 5 and demands strict proof thereof.

6.     Denied.

2

7. Admit that Defendant Joe Binder is an officer at Donaldson. Defendants do not have sufficient information to admit or deny Plaintiffs' remaining allegations in paragraph 7 and demands strict proof thereof.

8. Admit that Defendant Lieutenant Thrash is an officer at Donaldson. Defendants do not have sufficient information to admit or deny Plaintiffs' remaining allegations in paragraph 8 and demands strict proof thereof.

9. Admit that Defendant Sergeant Bradford is an officer at Donaldson. Defendants do not have sufficient information to admit or deny Plaintiffs' remaining allegations in paragraph 9 and demands strict proof thereof.

10. Admit that Defendant Samuel Aaron is an officer at Donaldson. Defendants do not have sufficient information to admit or deny Plaintiffs' remaining allegations in paragraph 10 and demands strict proof thereof.

11. Denied.

## **FACTUAL ALLEGATIONS**

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18.  Denied.

## CAUSE OF ACTION

## FEDERAL ACTIONS

## COUNT I:  42 U.S.C. § 1983 – EXCESSIVE FORCE BY THE OFFICERS

19.  Denied as to the Plaintiff's allegations that are incorporated and realleged in the preceding paragraphs of the Complaint and strict proof thereof is demanded.

20.  Denied.

21.  Denied.

22.  Denied as to the allegations as set forth in paragraph 22 and strict proof thereof is demanded.

23.  Denied as to the allegations as set forth in paragraph 23 and strict proof thereof is demanded.

## COUNT II: 42 U.S.C. § 1983 - DELIBERATE INDIFFERENCE BY SUPERVISORY DEFENDANTS, WARDEN GIVENS, AND ADOC

24.  Denied as to the Plaintiff's allegations that are incorporated and realleged in the preceding paragraphs of the Complaint and strict proof thereof is demanded.

25.  Denied.

26.    Denied as to the allegations as set forth in paragraph 26 and strict proof thereof is demanded.

27.    Denied as to the allegations as set forth in paragraph 27 and strict proof thereof is demanded.

28.    Denied as to the allegations as set forth in paragraph 28 and strict proof thereof is demanded.

29.    Denied as to the allegations as set forth in paragraph 29 and strict proof thereof is demanded.

30.    Denied as to the allegations as set forth in paragraph 30 and strict proof thereof is demanded.

31.    Denied as to the allegations as set forth in paragraph 31 and strict proof thereof is demanded.

32.    Denied as to the allegations as set forth in paragraph 32 and strict proof thereof is demanded.

33.    Denied as to the allegations as set forth in paragraph 33 and strict proof thereof is demanded.

34.    Denied as to the allegations as set forth in paragraph 34 and strict proof thereof is demanded.

35.    Denied as to the allegations as set forth in paragraph 35 and strict proof thereof is demanded.

## COUNT III: FAILURE TO INTERVENE BY OFFICERS

36.    Denied as to the Plaintiff's allegations that are incorporated and realleged in the preceding paragraphs of the Complaint and strict proof thereof is demanded.

37.    Denied.

38.    Denied as to the allegations as set forth in paragraph 38 and strict proof thereof is demanded.

39.    Denied as to the allegations as set forth in paragraph 39 and strict proof thereof is demanded.

## STATE ACTIONS
## COUNT IV: ASSAULT AND BATTERY

40.    Denied as to the Plaintiff's allegations that are incorporated and realleged in the preceding paragraphs of the Complaint and strict proof thereof is demanded.

41.    Denied as to the allegations as set forth in paragraph 41 and strict proof thereof is demanded.

42.    Denied as to the allegations as set forth in paragraph 42 and strict proof thereof is demanded.

43.    Denied as to the allegations as set forth in paragraph 43 and strict proof thereof is demanded.

**PRAYER FOR RELIEF**

44.     Plaintiff is not entitled to the relief requested.

    a.     Plaintiff is not entitled to the relief requested.

    b.     Plaintiff is not entitled to the relief requested.

    c.     Plaintiff is not entitled to the relief requested.

    d.     Plaintiff is not entitled to the relief requested.

    e.     Plaintiff is not entitled to the relief requested.

    f.     Plaintiff is not entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Court lacks jurisdiction over the persons involved in this action.

3.     The Court lacks jurisdiction over the subject matter of this action.

4.     The Complaint fails to plead the substance of a bona fide justiciable controversy; moreover, no controversy of a justiciable character exists between the parties.

5.     Defendants assert qualified immunity.

6.     Defendants assert sovereign immunity.

7.     Defendants assert state-agent immunity.

8.     Defendants assert functional discretionary immunity.

9.     Defendant asserts the defense of assumption of the risk.

7

10.     Defendant asserts the defense of contributory negligence.

11.     Defendants assert estoppel.

12.     Defendants assert laches.

13.     Defendant asserts the defense of res judicata.

14.     Defendant asserts the defense of illegality.

15.     Defendant asserts the defense of duress.

16.     Defendant asserts the defense of fraud.

17.     Plaintiff's claims are barred by the applicate statute of limitations.

18.     Plaintiff's claims are barred by the rules of payment.

19.     Plaintiff's claims are barred by the applicate statute of frauds.

20.     Defendants assert release.

21.     Defendants assert waiver.

22.     Defendants generally deny that the Plaintiff is entitled to receive any portion of the relief requested in the Complaint filed in the above-styled action.

23.     Plaintiff is generally not entitled to a declaratory judgment or any other relief requested.

24.     To the extent that any of the foregoing allegations in the Plaintiff's Complaint have not been admitted or denied, they are hereby denied.

25.     The Defendants reserve the right to assert additional defenses as this action progresses.

The Defendants further reserve the right to amend their Answer.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL

 /s/ J. MATT BLEDSOE
J. MATT BLEDSOE (BLE006)
Assistant Attorney General
Counsel for Defendants, Alabama
Department of Corrections, Joe
Binder, Sgt. Bradford, Samuel Aaron
and Lieutenant Thrash

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130
334-242-7443 (T)
334-353-8400 (F)
Matt.Bledsoe@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I electronically filed the foregoing

Amended Complaint with the Clerk of the Court, using the CM/ECF system, which

will notify the following counsel of record:

Matthew Bailey
Maxwell Tillman
2326 2nd Ave N
Birmingham, AL. 35203

 /s/ J. MATT BLEDSOE
OF COUNSEL

9