# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RENARD TUCKER**, | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-365-KOB-HNJ |
| | ) | |
| **ALABAMA DEPARTMENT OF CORRECTIONS, JOE BINDER, LIEUTENANT THRASH, SERGEANT BRADFORD, SAMUEL AARON,** and **AKEEM D. EDMONDS.** | ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, RENARD TUCKER, by and through his attorney of record and files this Complaint against Defendants, ALABAMA DEPARTMENT OF CORRECTIONS, JOE BINDER, LIEUTENANT THRASH, SERGEANT BRADFORD, SAMUEL AARON, and AKEEM D. EDMONDS, for compensatory, nominal, and punitive damages for their actions in causing the violent and horrific assault and battery endured by the Plaintiff as a result of the Defendants' acts. In support of this Complaint, the Plaintiff alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action seeking legal and equitable relief resulting from assault and battery, excessive force, failure to intervene, and deliberate indifference

to excessive force against the Plaintiff committed by the Defendants due to their assault and battery against Mr. Tucker that occurred at the William E. Donaldson Correctional Facility, located in Bessemer in Jefferson County, Alabama, on or about March 17, 2018.

## STATEMENT OF JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C § 1331 and § 1343. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202 and has jurisdiction over the Plaintiff's claims arising under the laws of the State of Alabama pursuant to the doctrine of Pendant Jurisdiction.

3. Venue is proper in the United States District Court for the Northern District of Alabama, as the events giving rise to the Plaintiff's claims occurred in this judicial district and all of the parties resided or worked in this judicial district at the time.

## PARTIES

4. **Plaintiff Renard Tucker** is a citizen of the United States, currently residing in Montgomery County, Alabama in the Kilby Correctional Facility. He is serving a life sentence with the possibility of parole due to a murder conviction from Jefferson County, Alabama. He has served over twenty-six (26) years in the Alabama Department of Corrections. Mr. Tucker has previously sued the Alabama Department of Corrections due to the actions of Binder. To settle that lawsuit, he

and ADOC came to an agreement that he would not be transferred to Donaldson Correctional Facility during the remainder of his stay in ADOC custody. On or about March 13, 2018, the defendant officers attacked Mr. Tucker for no reason other than to provide Binder the opportunity to get additional revenge for actions that had occurred the last time Mr. Tucker was incarcerated at Donaldson.

5. **Defendant Alabama Department of Corrections** ("ADOC") is the administrative department of the state of Alabama responsible for administering and exercising the direct and effective control over penal and corrections institutions throughout the state of Alabama. Defendant ADOC is responsible for maintaining constitutional conditions at Donaldson. Defendant ADOC is an instrumentality of the state of Alabama. Defendant ADOC receives federal funding.

6. **Defendant Warden Gwendolyn Givens** is the current Warden of Donaldson and was the Warden at the time of the incident that forms the basis of this lawsuit. She is responsible for running the day-to-day operations of Donaldson and oversees the punishment of inmates for violations of the ADOC regulations.

7. **Defendant Joe Binder** is an officer at Donaldson who has worked at the facility for several decades. He was employed when Mr. Tucker was assaulted at Donaldson before and participated in the assault of Mr. Tucker in 2018.

8. **Defendant Lieutenant Thrash** is an officer at Donaldson who assisted in the assault of Tucker.

9.   **Defendant Sergeant Bradford** is an officer at Donaldson who assisted in the assault of Tucker.

10.  **Defendant Samuel Aaron** is an officer at Donaldson who assisted in the assault of Tucker.

11.  **Defendant Officer** Akeem D. Edmonds is an officer at Donaldson who assisted in the assault of Tucker.

## FACTUAL ALLEGATIONS

12.  Mr. Tucker is a person in the custody of ADOC because he is serving a sentence of life with the possibility of parole due to Murder, Assault II, and Robbery I convictions. He was admitted into ADOC custody on August 27, 1993.

13.  Mr. Tucker filed a 42 U.S.C. § 1983 lawsuit in the Northern District of Alabama that was styled as 2:1999-cv-00322. The case survived the motion for summary judgment and was settled by the parties outside of court without a trial. Part of the agreement was that he would not be transferred back to Donaldson.

14.  Mr. Tucker had been transferred back to Donaldson in 2017, despite the agreement not to transfer him back to Donaldson. After being transferred back to Donaldson, he was put in the segregation unit despite haven broken no administrative rules.

15.  After Mr. Tucker was transferred to Donaldson, Defendant Binder had informed the other guards of an alleged assault Mr. Tucker had committed against

officers, the assault on Tucker, and the lawsuit Tucker had filed. These actions were done in order to incense the Defendants into attacking Mr. Tucker.

16. On or about March 17, 2018, Defendants Binder, Thrash, Aaron, Bradford, and Edmonds were outside of Mr. Tucker's cell at Donaldson. Defendant Aaron, for no reason, took his mace/pepper spray and began to spray under the door to Mr. Tucker's cell. Mr. Tucker took some of the items in his cell and attempted to block the spray from coming into his cell. After Tucker attempted to prevent them from spraying his cell, the officers called a code and moved into Tucker's cell.

17. Defendants Binder, Thrash, Aaron, Bradford, and Edmonds used their fists, batons, sticks, and feet to assault Mr. Tucker. Mr. Tucker had moved to surrender to the Defendants when they entered the cell. Despite that, Edmonds used his baton to bust Mr. Tucker's ankles, Aaron smashed Mr. Tucker's head into the floor chipping his tooth, and Binder hit him in the back. All of the officers participated in assaulting Mr. Tucker.

18. Mr. Tucker was moved to the medical wing of Donaldson for a cursory body chart examination and to wash the pepper spray off him. After the examination and wash, Mr. Tucker was then taken to the front office at Donaldson to discuss what happened during the assault with the Wardens on duty that day. This information then was given to the head Warden of Donaldson.

## CAUSE OF ACTION

## FEDERAL ACTIONS

### COUNT I: 42 U.S.C. § 1983 – EXCESSIVE FORCE BY THE OFFICERS

19. Mr. Tucker incorporates numbers 1-17 above as if restated here.

20. "The Eighth Amendment prohibits cruel and unusual punishment and prevents a prisoner from being subjected to an 'unnecessary and wanton infliction of pain.' Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). When force is applied by prison officials, the Eighth Amendment inquiry must concentrate on whether the force was applied in a good faith effort to maintain discipline or was carried out maliciously or sadistically for the purpose of causing harm. Id. at 320." Foster v. Jenkins, No. 2:17-cv-02001-CLS-JHE, 2020 U.S. Dist. LEXIS 25270, at *8 (N.D. Ala. Jan. 17, 2020)

21. In Hudson v. McMillian, the Supreme Court set out factors to consider when evaluating whether the use of force was wanton and unnecessary. The factors include: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the prison official; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate. Hudson, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

22. The Defendants applied force in this case because they intended on causing pain to Mr. Tucker because he had previously filed a lawsuit against officers

6

in Donaldson and there was an allegation he had assaulted an officer then. There was no purpose served by the assault on Mr. Tucker as the officers were not in danger of harm. Even if there was a need for force, the officers did not need to cause Mr. Tucker the severe injuries and no reasonable officer could not have perceived the situation as requiring that amount of force.

23. Mr. Tucker's Eighth Amendment rights were violated by the Defendant Officers. There was no need for force to be used against Mr. Tucker and despite that they caused him significant injuries and led him to be permanently injured.

**COUNT II: 42 U.S.C. § 1983 - DELIBERATE INDIFFERENCE BY SUPERVISORY DEFENDANTS, WARDEN GIVENS, AND ADOC**

24. Mr. Tucker incorporates number 1-17 above as if restated here.

25. Under the 11th circuit case law, the "Plaintiff can show the required causation in three ways: (1) a supervisor failed to take actions to address a history of widespread abuse that put the supervisor on notice that corrective action was needed; (2) the supervisor's customs or polices resulted in deliberate indifference; or (3) there are facts showing that the supervisor either directed his subordinates to act unlawfully or knew that they would act unlawfully and did nothing to stop them from doing so." Bogus v. Ala. Dep't of Corr., No. 7:06-CV-1667-RDP, 2008 U.S. Dist. LEXIS 130825, at *63 (N.D. Ala. Sep. 22, 2008) (citing Cottone v. Jenne, 326 F. 3d 1352, 1360 (11th Cir. 2003).

26. The Defendant supervisors and Alabama Department of Corrections were deliberately indifferent to the assault on Mr. Tucker and others in Donaldson. The Alabama Department of Corrections and Warden Givens were aware this would happen due to their deliberate indifference.

27. The individuals who are sent to the segregation wing of Donaldson, like Mr. Tucker, are regularly attacked by the officers that work in the area and individuals who are alleged to have assaulted an officer or employee of ADOC, like Mr. Tucker, are especially targeted for revenge.

28. The Wardens like Givens at Donaldson are aware of this issue and regularly have to cover up the actions of the officers like Defendants Binder, Thrash, Aaron, Bradford, and Edmonds by doing actions such as dismissing entirely or altering the events in disciplinaries, putting inmates into segregation for months at a time to prevent them from letting family or legal counsel know about the assaults, or by working with the officers to cover up assaults by negotiating with the inmates to keep quiet.

29. Warden Givens, as the head Warden of Donaldson, was aware of the actions that had been taken by these officers previously and their actions in assaulting inmates in the segregation area of Donaldson.

30. The Alabama Department of Corrections had knowledge of several of the Defendants propensity for violence through the multiple lawsuits that have been brought against the Defendants.

31. Defendant Binder was/is a Defendant in <u>Stout v. Phillips</u>, 2017 U.S. Dist. LEXIS 120678 (N.D. Ala. July 17, 2017), <u>Hill v. Binder</u>, 2014 U.S. Dist LEXIS 122624 (N.D. Ala. July 22, 2014), and <u>Johnson v. Hetzel</u>, 100 So. 3d 1056 (Ala. 2012).

32. Defendant Aaron was/is a Defendant in <u>Ellis v. Aaron</u>, 2018 U.S. Dist. LEXIS 170235 (N.D. Ala. Aug. 24, 2018), <u>Foster v. Jenkins</u>, 2020 U.S. Dist. LEXIS 25270 (N.D. Ala. Jan. 17, 2020), <u>Ricks v. Aaron</u>, 2016 U.S. Dist. LEXIS 143413 (N.D. Ala. Sep. 20, 2016), and <u>Broadhead v. Aaron</u>, 2016 U.S. Dist. LEXIS 1646 (N.D. Ala. Jan. 7, 2016).

33. Defendant Edmonds was/is a Defendant in <u>Shack v. Jenkins</u>, 2017 U.S. Dist. LEXIS 37885 (N.D. Ala. Feb. 23, 2017) and <u>Dunning v. Jenkins</u>, 2017 U.S. Dist. LEXIS 23787 (N.D. Ala. Jan. 30, 2017).

34. The other Defendants have participated in attacks similar to the ones that are described in the previous lawsuits against Binder, Aaron, and Edmonds. They commit these assaults along with a group of a few other officers such as Correctional Officer Roderick Gadson and Officer Mohamad Jenkins.

35. The Defendant officers in this case as well as several other officers have made numerous assaults on the inmates in the segregation area of Donaldson. This problem has been known to the Donaldson Wardens, as they have been covering up the actions taken by the officers. The Alabama Department of Corrections knows about these lawsuits through representing the Defendants in the cases as well as through the information they have received through the investigations conducted by the Department of Justice. Liability to the Warden and Alabama Department of Correction should apply in this case.

## COUNT III: FAILURE TO INTERVENE BY OFFICERS

36. Mr. Tucker incorporates numbers 1-17 above as if restated here.

37. "Prison guards may become directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. For this type of liability to attach, the officer must have actually been in a position to intervene. Unless a guard has a "realistic opportunity" to prevent an attack, he cannot be held liable under § 1983 for failure to intervene." Foster v. Jenkins, No. 2:17-cv-02001-CLS-JHE, 2020 U.S. Dist. LEXIS 25270, at *10 (N.D. Ala. Jan. 17, 2020) (cleaned up).

38. The Defendants Binder, Thrash, Aaron, Bradford, and Edmonds all had the chance to intervene to prevent the assault on Mr. Tucker, but they did not do so.

Instead, each of them continued and assisted the other officers in assaulting Mr. Tucker.

39. All of the officers were attacking Tucker so each of them could have stopped their fellow officers. Mr. Tucker should be compensated for this failure of the officers to prevent the constitutional violation from occurring.

## STATE ACTIONS

## COUNT IV: ASSAULT AND BATTERY

40. Mr. Tucker incorporates numbers 1-17 above as if restated here.

41. Defendant officers, exercising their position of authority and acting under the color of State Law in their capacity as public officials and representatives of the Alabama Department of Corrections, assaulted Mr. Tucker by intentionally and unlawfully offering to touch the Mr. Tucker in such a rude and angry manner as to create in the mind of a reasonable person a well-founded fear of imminent battery.

42. Defendant officers sadistically and maliciously assaulted the Plaintiff by willfully and intentionally inflicting physical harm putting him at risk of death by kicking, punching, pushing, and beating Mr. Tucker, which put him reasonable fear for his life. It in turn severely injured him, when he suffered a broken tooth, serious medical issues associated with the beating, and by firing pepper spray directly into his face.

43. The conduct of the Defendants therefore is actionable for assault &

battery.

## PRAYER FOR RELIEF

44. **THEREFORE**, the Plaintiff respectfully requests the following relief:

    a.    A judgment declaring that the actions of the Defendants violated Alabama and Federal Law.

    b.    Compensatory damages in an amount to be determined by a jury for injuries, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

    c.    Nominal damages against the Defendants;

    d.    Punitive damages against the Defendants;

    e.    Attorney's fees and costs; and

    f.    All other and further monetary and equitable relief as this honorable court deems just and proper.

## JURY DEMAND

45. Plaintiff requests a trial by jury.

DATED this March 12, 2021.

                                              **/s/ Matthew A. Bailey**
                                              Matthew A. Bailey, Esq.
                                              Attorney for Plaintiff

**Of Counsel:**
**Maxwell Tillman**
2326 2nd Ave N
Birmingham, AL. 35203

T: 205-216-3304
F: 205-409-4145
MBailey@MxLawFirm.com

## CERTIFICATE OF SERVICE

I hereby certify we filed the foregoing using the CM/ECF electronic filing system on March 12, 2021, and will serve the following parties to this proceeding:

ALABAMA DEPARTMENT OF CORRECTIONS
JOE BINDER
LIEUTENANT THRASH
SERGEANT BRADFORD
SAMUEL AARON
    D. Matt Bledsoe
    Matt.bledsoe@alabamaag.gov

Akeem Edmonds
100 Warrior Road
Bessemer, Alabama 35023

                                          **/s/ Matthew A. Bailey**
                                          Matthew A. Bailey, Esq.